IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Curtis Ray Brooks,  )
    Plaintiff,  )
            )
v.  )    1:12cv1405 (LMB/JFA)
            )
Lieutenant Liptrot, et al.,  )
    Defendants.  )

MEMORANDUM OPINION

Curtis Ray Brooks, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging various violations of his constitutional rights along with an application to proceed in forma pauperis. For the reasons stated below, plaintiff's claims regarding his right to participate in programs and to be housed in a certain unit and facility; his Fourth Amendment search and seizure claim; and defendants Birckhead, Johnson, Clary, and Hobbs, will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for which relief can be granted.[1] Plaintiff will be required to provide evidence that he qualifies for in forma pauperis status before his due process claim can proceed.

---

[1] Section 1915A provides:

    (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
        (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

# I. Background

## A. Right to Participate in Release Program

Plaintiff is incarcerated at Sussex II State Prison. Compl., ECF No. 1 at 1. Plaintiff alleges that defendant Birckhead discriminated against plaintiff when, on February 21, 2012, defendant Birckhead refused to let plaintiff participate in the "Reentry, Productive Citizenship, Release Planning Program." Id. at 13. Plaintiff claims he is eligible for the program because "he was within twelve (12) months or less of his discretionary parole evaluation, which is the only criteria for the program . . . ." Id. Plaintiff filed a complaint, to which defendant Birckhead responded

> you were told that the Career Resource Center was utilized for men on the reentry pod who were immediately going home. . . . Your sentence does not qualify you for this [program]. When and if you make parole, you will be scheduled the same as any other offender leaving.

Id. at 14 (labeled plaintiff's Exhibit B(1), Informal Complaint dated March 9, 2012).[2] Plaintiff then complained to the Regional Director. Id. at 17–18.

## B. Housing Classification

Plaintiff's next claim concerns his housing classification. Plaintiff was assigned to the Special Housing Unit ("SHU") on May 15, 2012. The Review Board and defendant Clary recommended on June 20, 2012 that plaintiff return to the general population, specifically the "Structured Living Unit" ("SLU"), which, according to plaintiff, entails "privilege restrictions." Id. at 35, 41. However, plaintiff refused to enter the SLU instead of the regular general

---

[2] Courts may consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed. 1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir. 1995)). Where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." Gulf Ins. Co., 313 F. Supp. 2d. at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991)).

population, and the following week, the Review Board recommended that he remain in the SHU. Id. at 35, 42. Plaintiff believes that the requirement that he enter the SLU instead of the general population is an "imposition of additional penalties and punishments via 'additional privilege restrictions' not imposed in compliance with [Operating Procedure 861.1], but [consist of] additional punishments for the same . . . ." Id. at 35. He alleges that this process constitutes double jeopardy and violates his constitutional rights. Id.

C. Request to Transfer

In addition to wanting to be placed in the general population, plaintiff requests "a transfer to either of his selected correctional centers" because he is "under a lot of stress due to the defendants [sic] mistreatment, and deprivation of his constitutional and civil rights." Id. at 65.

D. Search and Seizure

Plaintiff's next claim concerns an incident that occurred on April 16, 2012. He was showering when he

> noticed that the shower door had swung slightly ajar, about two or three inches of its own accord. Plaintiff stepped forward and secured the shower door by placing his tennis shoes into a wedge at the bottom of the shower door, then continued conducting his shower.

Id. at 19. Later the same day, plaintiff was charged with a disciplinary offense of indecent exposure and relocated to the SHU because a female officer, T. Johnson, had observed him "from the control booth in shower number 5 with the door slightly open stroking his penis in a back and forth motion." Id. at 20 (labeled plaintiff's Exhibit C(1), Disciplinary Offense Report dated April 16, 2012). He was found guilty at a disciplinary hearing on April 25, 2012 and sentenced to thirty days in isolation. Id. at 21. He appealed the decision to the Offender Discipline Unit, which determined that the "charge should be reheard. The results of the original hearing will be EXPUNGED from your central record." Id. at 33 (labeled plaintiff's Exhibit

3

C(12), letter from Regional Administrator Wendy Hobbs to plaintiff dated June 20, 2012) (emphasis in original). However, according to plaintiff, "no further procedures were found warranted in this matter by the facility head, Warden Vargo." Id. at 19. Plaintiff alleges that he

> suffered "defamation of character" in the deprivation of his right to be secure in his person against unreasonable searches and seizures committed by [the] female guard, T. Johnson, who intentionally had to be observing him showering, absent a security need . . . .

Id.

E. Due Process

Finally, plaintiff alleges that defendant Liptrot violated plaintiff's constitutional right to procedural due process when, on August 18, 2011, he was placed in the SHU without proper notice. Id. at 6. He alleges that he never received a copy of a disciplinary offense report as required by jail operating procedures. Id. In response to an informal grievance that plaintiff filed, an officer stated that plaintiff received a copy of the offense report on August 19, but plaintiff disagrees with this allegation and filed a grievance to the assistant warden. Id. In reponse, Assistant Warden Marie Vargo stated that the housing unit manager "states that the charge was never served on you. . . . After the ICA determined the charge was not served you were recommended for release to General Population." Id. at 11 (labeled plaintiff's Exhibit A(4), Offender Grievance Response Level I dated October 12, 2011). Plaintiff alleges that his confinement in the SHU violated his right to procedural due process and "caused 'defamation' of the plaintiff's character, loss of sleep, depression and [loss of] his unit employment, which was verbally promised to be restored, yet has not to the present day." Id. at 6.

## II. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C.

4

§ 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, Id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . .". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949–50.

### III. Analysis

Plaintiff's due process claim will proceed after he has provided additional information to determine if he qualifies for in forma pauperis status. However, plaintiff's remaining claims, and defendants Birckhead, Johnson, Clary, and Hobbs, will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for which relief can be granted.

A. Right to Participate in Release Program

Plaintiff's discrimination claim regarding his right to participate in a pre-release program will be dismissed. It is well established that "the classifications and work assignments of

5

prisoners ... are matters of prison administration, within the discretion of the prison administrators...." Altizer v. Paderick, 569 F.2d 812, 813 (4th Cir.), cert. denied, 435 U.S. 1009 (1978); accord, Mitchell v. Murray, 856 F. Supp. 289, 293 (E.D. Va. 1994). Similarly, prisoners have no due process right to participate in vocational or educational programs. Women Prisoners of Dist. of Columbia Dep't of Corr. v. Dist. of Columbia, 93 F.3d 910, 927 (D.C. Cir. 1996) (inmates do not have a constitutional right to work or educational opportunities). Regardless of plaintiff's classification or eligibility for parole, he has no constitutional right to participate in a pre-release program, and his claim and defendant Birckhead will be dismissed for failure to state a claim.

B. Housing Classification

Plaintiff's claim regarding his placement in the SLU will also be dismissed. Because the prisoner classifications are discretionary matters of prison administration, Altizer, 569 F.2d at 813, a prisoner cannot base a civil rights complaint on his or her disagreement with a housing classification decision, Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995); see also Jennings v. BOP, 354 F. App'x 60, 61 (5th Cir. 2009) (holding that a claim must be dismissed as frivolous when it alleges that a prisoner's classification was based on an erroneous determination of the prisoner's history of or propensity for violence). Here, because plaintiff disagrees with the Review Board's decision to place him in the SLU instead of the general population, his claim and defendant Clary will be dismissed for failure to state a claim.[3]

---

[3] Furthermore, plaintiff's claim that the housing decision constitutes double jeopardy is without merit. The Fifth Amendment provides, in pertinent part, that "[n]o person shall ... be subject for the same offense to be put twice in jeopardy of life or limb." U.S. Const., Amend. V. However, the Fifth Amendment applies to criminal proceedings only. Disciplinary proceedings are civil in nature and do not implicate the Fifth Amendment. United States v. Devaughn, 32 F. App'x 60, 61 (4th Cir. 2002).

C. Request to Transfer

Similarly, plaintiff's claim regarding his wish to transfer facilities will be dismissed. A prisoner has no constitutional right to select a particular correctional facility for his placement or to be transferred or not to transferred to a different facility upon request. Olim v. Wakinekona, 461 U.S. 238 (1983); Meachum v. Fano, 427 U.S. 215 (1976). A prisoner has no due process interest in his placement at a particular prison, nor does the Constitution "guarantee that the convicted prisoner will be placed in any particular prison." Meachum, 427 U.S. at 223–25; see also, Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). Therefore, plaintiff's claim will be dismissed for failure to state a claim for which relief can be granted.

D. Search and Seizure

Finally, plaintiff's claim regarding the alleged search of seizure of his person during his shower will be dismissed. Plaintiff has failed to allege that any of his constitutional rights were violated during the events surrounding this incident. Taking plaintiff's allegations as true, the door to the shower opened accidentally; therefore, he cannot assert that defendant Johnson conducted a "search" when she saw him in the shower. Moreover, to the extent that plaintiff intends to assert a tort claim for defamation against defendant Johnson, such a claim does not implicate rights guaranteed by the Constitution or laws of the United States and thus is not redressable under § 1983. See Daniels v. Williams, 474 U.S. 327 (1986) ("[T]he Due Process Clause is simply not implicated by a negligent act of an official."). Therefore, this claim and defendants Johnson and Hobbs will be dismissed for failure to state a claim upon which relief can be granted.

## IV. Motion for Leave to Proceed In Forma Pauperis

To determine whether plaintiff qualifies to proceed in forma pauperis, the court directs plaintiff to sign and return a Consent form and directs plaintiff's correctional institution to complete and return an Inmate Account Report form.

## V. Conclusion

For the above-stated reasons, plaintiff's claims regarding his right to participate in programs and to be housed in a certain unit and facility; his Fourth Amendment search and seizure claim; and defendants Birckhead, Johnson, Clary, and Hobbs, will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for which relief can be granted. Plaintiff will be required to provide evidence that he qualifies for in forma pauperis status before his due process claim can proceed. An appropriate order shall issue.

Entered this 7th day of December 2012.

/s/
Leonie M. Brinkema
United States District Judge

Alexandria, Virginia